IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELISSA B. GILL        *
             *
    v.           *  Civil No. JFM-12-645
             *
THOMAS P. DORE, ET AL.     *****

MEMORANDUM

Plaintiff has instituted this *pro se* action asserting state law claims for fraudulent concealment and to quiet title and a federal claim under the Federal Debt Collection Practices Act (15 U.S.C. § 1692). Defendant has filed a motion to dismiss to which plaintiff has responded. Plaintiff has filed a motion for summary judgment. Defendant's motion to dismiss will be granted, and plaintiff's motion for summary judgment will be denied.

Plaintiff claims that defendant, a substitute trustee under a deed of trust, has committed illegal actions in connection with the foreclosure on property that plaintiff had provided in connection with a loan in the amount of $291,620.00 she made from Washington Savings Bank, FSB. The loan was subsequently assigned to Wells Fargo Bank, N.A. Plaintiff defaulted on the loan, and she filed a voluntary petition for bankruptcy on November 3, 2011. On December 23, 2011, the Bankruptcy Court entered a lift stay order.

Plaintiff's claim for fraudulent concealment requires that she allege, *inter alia*, that defendant owed her a duty to disclose the material fact. *See, e.g., Green v. H&R Block, Inc.*, 355 Md. 488, 525 (1999). Plaintiff has alleged no facts that suggest that defendant owed her any such duty. Moreover, it is clear that if a person wants to object to a foreclosure, she must do so in the context of the foreclosure proceedings instituted against her. *See, e.g., Jones v. Rosenberg*, 178 Md. App. 54 (2008); *GreenbrierCondominium v. Brooks*, 878 A.2d 528, 566 (2005). Plaintiff's

claim for fraudulent concealment fails on this ground as well, as does her claim to quiet title.

Plaintiff's claim under the Federal Debt Collection Practices Act also is insufficient. Plaintiff alleges no facts to suggest that defendant was a "debt collector" who was engaged in "debt collection activity" as required to support a FDCPA claim. Moreover, plaintiff's allegations that defendant "harassed, extorted and threatened her" contained no specific factual support and therefore are insufficient under *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: 5/24/12

J. Frederick Motz
United States District Judge

2